IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
GREGORY SMITH,               )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )    2:04cv1063-MHT
                             )         (WO)
BOYD BROS. TRANSPORTATION,   )
INC.,                        )
                             )
    Defendant.               )
```

ORDER

Plaintiff Gregory Smith brought this lawsuit against defendant Boyd Bros. Transportation, Inc. (BBT) asserting violations of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C.A. §§ 2601-2654. This case is again before the court, this time on three motions: first, BBT's motion to alter or amend this court's order of December 23, 2005, Smith v Boyd Bros. Transportation, Inc., ___ F. Supp.2d ___, 2005

WL 3542517 (M.D. Ala. 2005); second, BBT's motion in limine with respect to Smith's FMLA 'interference' claim; and, third, Smith's motion to amend the pretrial order to allege expressly an FMLA 'interference' claim. For the reasons that follow, the court will deny BBT's motions and grant Smith's motion.

With regard to its motions, BBT contends that, in the December 23 order, the court erred in denying summary judgment on Smith's interference claim because he never properly asserted this claim in either his complaint, his deposition, his summary-judgment submission, or, most importantly, in the pretrial order. Additionally, BBT argues that Smith, at the very least, abandoned this claim by failing to preserve it in the pretrial order. The court addresses each argument in turn.

First, the court rejects BBT's contention that Smith did not properly assert an interference claim.

As previously stated, "the FMLA creates two types of claims: <u>interference claims</u>, in which employees assert that their employer denied or otherwise interfered with their substantive rights under the statute, 29 U.S.C. § 2615(a)(1); and <u>retaliation claims</u>, in which employees assert that their employer discriminated or retaliated against them because they had engaged in activity protected by the statute, § 2615(a)(2)." <u>Smith</u>, ___ F. Supp.2d at ___, 2005 WL 3542517 *3 (emphasis in original) (citing <u>Strickland v. Water Works & Sewer Bd.</u>, 239 F.3d 1199, 1206 (11th Cir. 2001)). In his complaint filed November 3, 2004, Smith alleged that BBT "violated 29 U.S.C. § 2615(a)(1) and (2) by terminating the Plaintiff in retaliation for the Plaintiff taking leave under the FMLA."[1]  While the FMLA does not clearly delineate between subsections (1) and (2) of 29 U.S.C. § 2615(a)

---

1. Plaintiff's complaint ¶ 21 (Doc. No. 1).

3

"with the labels 'interference' and 'retaliation,' those are the labels courts have used in describing an employee's claims under the Act." Strickland, 239 F.3d at 1207 n.9.  BBT argues that, because Smith used the word 'retaliation' to refer to both claims, this court should ignore Smith's specific citation to bth the 'interference' and 'retaliation' subsections of the FMLA.  The court declines to find that Smith's use of the words "in retaliation" limits his FMLA claims to retaliation; these words do not expressly negate Smith's specific citation to both the interference and retaliation subsections in the FMLA.

Second, the court finds that BBT has not shown that Smith's deposition testimony demonstrates that Smith is pursuing only a retaliation claim.  The portion of Smith's deposition upon which BBT relies in no way states that he is pursuing only a retaliation claim.  In essence, Smith states that he is not alleging any FMLA violations other than being

4

terminated because he was on FMLA leave.[2]   BBT

---

2.  Smith's deposition testimony was as follows:

"Question: And it's your contention that on November 13, 2002, you were terminated because you were on FMLA leave?

"Answer: Yes.

"Question: That's your contention?

"Answer: Yes."

Defendant's evidentiary submission in support of motion for summary judgment (Doc. No. 13), exhibit 2, deposition of Gregory Smith, at 236, ln. 12-17.

Smith further testified:

"Question: Anything else that violated this federal statute, which is the Family [and] Medical Leave Act?

"Answer: Other than being terminated?

"Question: Correct.

"Answer: Oh, no."

Id., at 241, ln. 14-19.

5

interprets this to mean Smith is pursuing only a retaliation claim.

However, termination while on FMLA leave can create both a cognizable 'interference' claim and a cognizable 'retaliation' claim.  <u>Strickland v. Water Works and Sewer Bd.</u>, 239 F.3d 1199 (11th Cir. 2001) (recognizing both causes of action for a termination); <u>O'Connor v. PCA Family Health Plain, Inc.</u>, 200 F.3d 1349 (11th Cir. 2000) (finding both causes of actions when the plaintiff did not specify which FMLA provision the employee was proceeding under).  And, more specifically here, because Smith's interference claim and his retaliation claim arise out of the same factual evidence and, indeed, because his interference claim is essentially subsumed within his retaliation claim (Smith's retaliation claim differs from his interference claim in that he must prove not only that he was terminated while on FMLA leave (the interference claim) but also that he was terminated

6

while on FMLA leave for the specific purpose of retaliating or discriminating against him (the retaliation claim)), it would be unfair to read Smith's testimony to reflect conclusively that he is pursuing only a retaliation claim, especially when the questioning attorney did not make clear to Smith and his attorneys that implicit in the questions to Smith was the nuanced question of whether Smith was no longer relying on the FMLA interference subdivision expressly cited in his complaint.

Third, because BBT did not raise and brief the interference claim in its motion for summary judgment, Smith's lack of briefing on the claim in opposition to the summary-judgment motion did not constitute an abandonment of the claim. BBT, as the party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine

7

issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quotation omitted); the burden does not shift to Smith to show that summary judgment is inappropriate until after BBT satisfies this requirement. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). Because BBT made no argument in favor of summary judgment on the interference claim, there was nothing for Smith to respond to with regard to this claim. Accordingly, Smith's lack of argument on the interference claim did not amount to an abandonment of this claim.

Fourth, BBT argues that, because Smith did not mention his interference claim in the pretrial order, he abandoned it. <u>Gibbons v. Auburn Univ. of Montgomery</u>, 108 F. Supp. 2d 1311, 1322 (M.D. Ala. 2000) (Thompson, J.) (finding that "an issue should be considered as waived by the parties if not included in the pretrial order); <u>see also</u> <u>Day v. Liberty Nat'l Life Ins. Co.</u>, 122 F.3d 1012, 1016 n.5 (11th Cir.

8

1997) ("it is the law of this circuit that a defendant can waive a potentially viable defense by failing to ensure that the issue is clearly preserved in the pretrial order").  The pretrial order, dated December 5, 2005, stated in relevant part that:

> "Gregory Smith claims that on or about November 13, 2002, Boyd Bros. Transportation terminated him in retaliation for Smith taking leave under the Family and Medical Leave Act.  As a result, Smith suffered lost wages and lost employment benefits.  Smith claims that Boyd intentionally terminated him and that his termination was not the result of a mistake...."[3]

Although Gibbons states that claims not specifically alleged in the pretrial order are abandoned, even if alleged in the complaint, Gibbons is not controlling in this instance because, as will be explained shortly, the court is granting Smith's motion to amend the pretrial order to state more clearly that Smith is

---

    3.   Doc. No. 33 at 2.

proceeding under both the interference and retaliation provisions of the FMLA.

"There is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." United States v. Varner, 13 F.3d 1503, 1507-08 (11th Cir. 1994). "If amendment of the pretrial order would result in substantial injustice to the opposing party or inconvenience to the court, the order should be amended only to avoid manifest injustice." Jacobs v. Agency Rent-A-Car, 145 F.3d 1430, 1432 (11th Cir. 1998) (citing Varner, 13 F.3d at 1508).

Thus, the court must first determine if amending the pretrial order in this case to cite more clearly both FMLA subsections would substantially injure or prejudice BBT or inconvenience the court. The court finds that, because BBT has had notice of the

10

interference claim since the initiation of this suit, amending the pretrial order in this manner will not have this effect; therefore, BBT has had more than ample time to prepare to defend against this claim. But more importantly, because Smith's interference claim and retaliation claim arise out of the same factual evidence and because, as stated, his interference claim is essentially subsumed within his retaliation claim, amending the pretrial order to include the interference claim would not require any additional preparation on BBT's part.  Further, the court will not be inconvenienced because the court has already analyzed this claim at the summary-judgment stage and because both parties should be prepared to litigate this issue at trial.

Nevertheless, BBT argues that it would be prejudiced because it did not conduct any discovery on the potential defense that BBT would not have reinstated Smith regardless of his FMLA leave.  See

11

O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1354 (11th Cir. 2000). This defense stems from FMLA provision 29 U.S.C.A. § 2614(a)(3) which qualifies the right to reinstatement such that an employee is not entitled to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." Thus, if any employer can show that it refused to reinstate the employee for a reason wholly unrelated to the FMLA leave, the employer is not liable.

The court finds this argument unpersuasive for two reasons. First, the issue on which BBT desires to conduct additional discovery appears to be an affirmative defense that BBT never raised in any pleading or in any subsequent briefing. Strickland, 239 F.3d at 1208. Generally if a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial.

12

American National Bank v. Federal Deposit Insurance Corp., 710 F.2d 1528, 1537 (11th Cir. 1983). BBT has provided no reason to depart from this rule. But secondly, and more importantly, as stated, Smith's interference claim is subsumed within his retaliation claim, in that the retaliation claim requires an element of proof--motive to retaliate or discriminate--that the interference claim does not. BBT has has never before argued, with regard to Smith's retaliation claim, that he was due to be terminated or not reinstated; instead BBT has always argued that the termination was a mistake that it quickly rectified upon realizing that it occurred. BBT's argument that the addition of the "lesser included" interference claim will require more discovery and implicate an affirmative defense is disingenuous.

Because the court has found that amending the order will not injure or prejudice BBT or

13

...

inconvenience the court, the court should amend the pretrial order if so doing promotes the interests of justice and sound judicial administration. Smith has alleged an interference claim from the initiation of this suit. In addition, Smith's interference claim is subsumed within his retaliation claim and its addition at his time will not prejudice any one, and excluding the claim on the eve of trial based on the phraseology of the pretrial order would be to privilege nomenclature over substance and would not serve the ends of justice or sound judicial administration. Therefore, the court will amend the pretrial order to reflect the issues that have always been at play in the litigation: whether BBT violated subsections (1) and (2) of 29 U.S.C.A § 2615(a) of the FMLA by terminating Smith's employment while he was on FMLA leave.

Accordingly, it is ORDERED as follows:

(1) Plaintiff Gregory Smith's motion to amend the pretrial order (Doc. No. 61) is granted.

(2) Defendant Boyd Bros. Transportation, Inc.'s motion to alter or amend (Doc. No. 58) is denied.

(3) Defendant Boyd Bros. Transportation, Inc.'s motion in limine (Doc. No. 58) is denied.

DONE, this the 25th day of January, 2006.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**